ANNIBAL GOUVEIA & CIA, LTDA., Respondent, v. MARTIN E. WOLIN, LTD., Appellant.— No opinion. Present — Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ. [See 280 App. Div. 777.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS ODDO, Appellant.— No opinion. Present — Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ.

IRVING MAIDMAN, Respondent, v. BEVERLY HOTEL, INC., et al., Appellants.—

For the purpose of this appeal it sufficiently appears that the minds of the parties met in writing on the basis that title was to close in ninety days or earlier, at seller's option, for a purchase price of $2,150,000 to be paid all cash above the existing mortgages unless the parties, in the meantime, by a more definite contract agreed otherwise. In any event, there would be a triable issue concerning whether the use of the words "partial deposit" does not refer to payment on account of purchase price rather than an additional amount of deposit on the execution of the contract. Present — Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ.; Callahan, J. P., concurs in result upon the ground last stated above.

VICTOR SPITZER, Respondent, v. MOSES GINSBERG, Appellant.—

 Present — Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ.; Van Voorhis, J., dissents in the following memorandum: The complaint should be dismissed upon the ground that the action is premature before title has actually been closed, in view of plaintiff's statement in his letter dated October 5, 1951: "It is further understood that if the sale, for any reason whatsoever, will not be consummated, I will not demand any commission." Although this letter is addressed to Beverly Hotel, Inc., it refers by its terms to any commission which may be payable in connection with the transaction. Only one commission could be payable, since the contract of sale, if made, is entire. If defendant Moses Ginsberg assumed payment of the commission, the letter quoted indicates that it was intended to inure to Ginsberg's benefit. The order appealed from should be reversed and summary judgment granted to defendant dismissing the complaint, without prejudice to a renewal of the action in event that title to the real property in question is actually transferred to the purchaser procured by plaintiff. [See 280 App. Div. 760.]

ISRAEL NESIS, Respondent, v. H. G. KOLB & Co., INC., et al., Appellants.—
 No opinion. Present — Callahan, J. P., Van Voorhis, Shientag, Heffernan and Bergan, JJ.