(October 28, 1952.)

■

IRVING MAIDMAN, Appellant, v. BEVERLY HOTEL, INC., et al., Respondents.

Appeal (1) from so much of an order of the Supreme Court at Special Term, entered June 16, 1952, in New York County, as determines that plaintiff is obligated to accept an assignment and transfer of all outstanding stock of a certain corporation subject to its debts at a certain date, and (2) from so much of a judgment of said court, entered June 30, 1952, in said county, upon the above-mentioned order, as provided that plaintiff is obligated to accept the said corporate stock subject to the above-mentioned debts, and that certain items be adjusted to the date of closing title instead of an earlier date fixed in the contract.

*Per Curiam.* Plaintiff, buyer, sued defendants, sellers, for specific performance of a written contract for the purchase and sale of a hotel at 125 East 50th Street, New York, N. Y., and an apartment building at 131–141 East 50th Street, New York, N. Y. On October 5, 1951, by letter, plaintiff made an offer with a part payment of $25,000 " for the purchase of the above properties for the sum of $2,150,000.00 for cash above the existing mortgages." A formal contract, which was to be the usual Title Guaranty & Trust Company form, was to be submitted providing for " closing of title " in ninety days. On October 5th, defendants deposited the $25,000 check indorsing it " subject to contract for purchase " of the two properties " as per letter dated October 5, 1951 to Moses Ginsberg." On the same date, defendants wrote plaintiff a letter, the first paragraph of which acknowledges the deposit of $25,000 for the sale to plaintiff of the hotel and the apartment building " for the sum of $2,150,000 • * * all cash above the existing first mortgages on the Hotel and the apartment house." The second paragraph of the letter provided that defendants were selling the capital stock of 131 East 50th Street Corporation (the apartment house) for $650,000 and the hotel for $1,500,000 " which will make a combined total of * * * $2,150,000 " and referred to contracts to be made " with the closing of title to take place in ninety (90) days or sooner " at sellers' option.

After denial of defendants' motion for summary judgment and affirmance of such denial by this court (*Maidman* v. *Beverly Hotel*, 279 App. Div. 1050) defendants moved at Special Term for leave to withdraw their answer and to enter judgment in plaintiff's favor granting plaintiff's prayer for specific performance on condition that plaintiff be required to take title to the premises and accept delivery of the stock within thirty days " upon the payment of the consideration referred to in the memoranda * * * sued upon." Plaintiff was ready to pay the consideration mentioned in the memoranda sued upon, to wit, $2,150,000 above the mortgages but defendants insisted that plaintiff should take the capital stock of the apartment house subject to its debts (which appear to be in excess of $80,000) and pay defendants such debts in addition to the $2,150,000 agreed upon. Special Term granted judgment in accordance with defendants' request. Plaintiff appeals.

We construe the contract as a real estate transaction in essence as to both properties and not a purchase and sale of stock as such. The stock transfer was only the vehicle for effecting a transfer of the title to the apartment house. The written contract is clear that the purchase price to be paid by plaintiff was $2,150,000 all cash " above the existing mortgages ", not such amount above

mortgages plus undisclosed corporate indebtedness without limitation. The form of title transfer at defendants' request did not change the total consideration both parties agreed upon to be paid, namely, $2,150,000 all cash above existing mortgages.

In other respects the form of the judgment entered shows that Special Term did not treat the matter as a stock deal but essentially as a sale of real estate.

We think plaintiff is not conclusively bound by the isolated statement in the argument of plaintiff's counsel on the prior appeal to this court. The whole context indicates that plaintiff insisted he was not to pay above the agreed $2,150,000 over the mortgages and that the real issue was whether, as a matter of law, the terms set forth in the documents were sufficient to make out a valid enforcible contract. The parties are in equity and on defendants' motion to withdraw their answer and enter judgment in plaintiff's favor for specific performance of the contract sued upon, equity and fairness require the result herein indicated.

Under the circumstances of this case, we think the date for adjustments at the closing of title was in the discretion of the court and the date fixed by Special Term should not be changed.

The judgment appealed from should be modified by deleting therefrom the provision that plaintiff is obliged to accept the stock of the 131 East 50th Street Corporation subject to the bona fide debts of the corporation on October 5, 1951, and, as so modified, affirmed, with costs to plaintiff-appellant.

BREITEL, J. (dissenting). I dissent on the ground that it cannot be determined on the documents alone that the buyer was to take title through the stock of the holding corporation free of the corporate debts. Either the judgment should be affirmed because of the tactical situation into which plaintiff put himself — in order to overcome the defense of the Statute of Frauds — or at the least, in the interests of equity, if the judgment is to be modified it should be vacated entirely, leave should be granted defendants to reinstate their answer, and a trial should be had. Upon such a trial the issue as to the intention of the parties with respect to the corporate debts may be determined, and then too the applicability of the Statute of Frauds could be likewise determined. Defendants withdrew their answer conditionally. We may not remove the condition and let the withdrawal stand. Nor may we rewrite the written documents of the parties to accord with what we think they should have written had they had the benefit of legal advice at the time.

Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Breitel, J., dissents in opinion.

Judgment modified by deleting therefrom the provision that plaintiff is obliged to accept the stock of 131 East 50th Street Corporation subject to the bona fide debts of the corporation on October 5, 1951, and, as so modified, affirmed, with costs to the appellant.

Settle order on notice.