Aron Steuer, J.
Plaintiff brings this action pursuant to article 15 (§ 500) of the Beal Property Law to determine his right to a portion of an award in condemnation. The defendants are the fee owner (a corporation), the owner of all the stock of that corporation, the first and second mortgagees, a tenant and a subtenant. The fee owner moves for summary judgment.
The plaintiff has two claims in regard to the award. He is a third mortgagee. He also claims some rights because of an *39 alleged lien on all the corporate stock for security for the payment of a claim against the individual owner.
As to his rights as mortgagee there is no dispute. He alleges that there is an issue as to the date up to which he can claim interest. But the moving party admits his right to interest to the date of payment which is all he claims. The claims of the other mortgagees are likewise admitted. As to the tenant and subtenant, the fee owner has shown that the lease provides that they are to have no interest in any award in condemnation. Neither of these parties has appeared on this motion. The plaintiff asserts that nevertheless they may have a claim for fixtures. As this would properly be the subject of a separate award and as neither of the interested parties has asserted any claim on this motion this cannot be said to raise an issue.
The remaining question which is the real ground of contention is whether plaintiff’s claim against the stock gives him a right to maintain this action. His first argument is that the matter has already been decided and is the law of the case. The moving defendant had previously moved to dismiss the complaint and the motion was denied. But it did not there appear that plaintiff’s position as mortgagee raised no issue, and, as such, he was entitled to sue. The prior decision does not bear on the question as to whether apart from his claim as mortgagee, he can sue.
The statute allows suit by any person claiming an interest in the realty. Section 500 defines a person having an interest as a mortgagee or a contract vendee as one having an interest in the realty.
The plaintiff’s interest arises out of the following facts. He and the individual defendant were the stockholders in a corporation that previously owned the realty. They agreed to sever their relationship. As a part of that transaction the realty was transferred to the present owner and the individual defendant became the owner of all the stock of that owner corporation. As an additional part of that transaction the individual placed all of the stock in escrow to secure the payment of $8,800 to the plaintiff upon the happening of any one of four specified events, with the option in the defendant of paying $3,000 and releasing the stock prior to the happening of any of these four events.
Obviously this constituted the plaintiff neither a mortgagee nor a contract vendee of the stock. It did give him some legal interest in the stock. The plaintiff claims that as the realty was the sole asset of the corporation that this is equivalent to an interest in the realty itself. For this plaintiff relies on Maidman v. Beverly Hotel (280 App. Div. 925). It is clear *40 that the language of the case insofar as it supports plaintiff’s contention derives from the peculiar facts of that case and is not meant for an authority beyond these facts.
For reasons best known to himself plaintiff elected to have a lien against the stock instead of an additional lien against the realty. He cannot transfer these liens in the guise of interpretation.
The motion is granted. The judgment shall provide for payment of the mortgages with interest according to their terms up to the date of payment and the extinction of other claims of the parties against the award in condemnation with the balance going to the fee owner. The judgment shall further provide that it is not an adjudication of any rights of the plaintiff in respect to the stock of the defendant Styx Realty Corp.